# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STANLEY N. DRINKWATER JR.,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:10-cv-822-Orl-31GJK**

**PORT ORANGE FLORIDA POST OFFICE/THE UNITED STATES POSTAL SERVICE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

TO THE UNTIED STATES DISTRICT COURT

    **This cause came on for consideration without oral argument on the following motion:**

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** (Doc. No. 2) |
| **FILED:** | **April 13, 2009** |

**THEREON** it is **RECOMMENDED** that the Motion be **DENIED** and the Complaint be **DISMISSED for lack of subject matter jurisdiction**.

    On May 21, 2010, Stanley N. Drinkwater Jr. (the "Plaintiff") initiated this action by filing a complaint ("Complaint") against the Port Orange Florida Post Office/The United States Postal Service (the "Defendant"). Doc. No. 1. The gravamen of Plaintiff's Complaint is that the Defendant lost a parcel Plaintiff mailed to the Netherlands which had a value of seventy-

thousand nine hundred dollars ($70,900.00). Doc. No. 1. According to Plaintiff, the parcel contained certain documents of value. *Id*. Plaintiff's Complaint consists of six "Counts" which state:

>   Count One, The [Defendant], advised me to send my documents by registered mail, that this was the safest method, as the documents are placed in a steel box and locked. The documents are fully protected and fully insured, she stated.
>
>   Count Two, I filed my complaint with the [Defendant] in July of 2008, which did not violated [sic] the time required to file by the Postal Service.
>
>   Count Three, The [Defendant] acknowledged the complaint in letters Sent [sic] to the Defendant on the following dates, 8/25/08, 10/17/08, 12/12/08, and others.
>
>   Count Four, The [Defendant] in at least 4 letters to the plaintiff, acknowledged that they received from the Netherlands letters stating that my package was delivered on June 13, 2008. However, when I requested a copy of one of these letters they just are unable to find one for me.
>
>   Count Five, It is obvious that the [Defendant] never had any such letters from the Netherlands regarding the loss of my documents, unless the Netherlands reply was a negative one, and our Postal Service could not use it. Had our Postal Service received a positive reply or even a reply, they would have certainly been happy to send me a copy and put this problem to rest, [sic] However, they refused to send me a copy of the so-called letter from the Netherlands, as they just ignored any of my requests for a copy.
>
>   Count Six, Had the [Defendant] received a letter or statement from the Netherlands why would they make an offer to me to settle this complaint if they were not guilty and there was no negligence on their behalf? When sending my documents to the Netherlands, I spoke with the postal clerk at the Post Office counter and told her that this package had very important documents enclosed which were time sensitive and very valuable, and that could she advise me as to the safest method to send them to the Netherlands. I

> suggested Fedx [sic] or United Parcel. She told me that I should send the package by United States Postal Service registered Mail. That the package would be placed in a steel box and locked, fully insured and would arrive in plenty of time. I took the Clerks [sic] advice and sent it as she directed me to do to the Netherlands. Last but not least the Clerk informed me that I would get a signed delivery receipt from the Netherlands Postal Service.
>
> Several weeks after sending it, I checked with the Port Orange, Florida Post Office to find out why I had not received the receipt from the Netherlands. They could not find anything, and I was told that they would have the shipping department check on it and get back with me. I never heard anything from anyone, until I began my investigation, as these documents were needed in time for me to receive the money due me, $70,900.00.
>
> The [Defendant] claimed that it was received in the Netherlands and that a copy of the Netherlands sheet showing it was delivered and claimed it was delivered on June 13, 2008. The [Defendant] did not sent [sic] me a copy of anything. I wrote back to them and they continue telling me that they had a letter from the Netherlands stating it was delivered, [sic] However, they would never send me a copy, or anything from the Netherlands.
>
> The [Defendant] lost my package of Documents, and by stating that they had notice from the Netherlands, it would get them of [sic] the hook for any liability for their negligence, they could then blame the Netherlands. The truth of the matter is that my documents were lost here in the States which makes the [Defendant] completely responsibly [sic] for my complete loss, plus my costs and expenses. The [Defendant] did not even try to show that my documents were listed on the overseas plane, and it's obvious that the reason is, that my package never reached the plane, it was lost here in the States.
>
> I demand of the [Defendant] the total Sum of my loses from their negligence and wrongful advice, which is seventy thousand nine hundred dollars ($70,900.00) plus all costs and expense to be paid in full.

Doc. No. 1. Thus, Plaintiff has raised a tort claim for negligence against the Defendant and demands $70,900.00 in compensatory damages plus costs. Doc. No. 1. However, the

Complaint fails to allege a basis for the Court's jurisdiction. Doc. No. 1. Now before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (the "Motion"). Doc. No. 2

## I. THE LAW

### A. The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal --
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma*

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

*pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

1. **Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

### 2. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

#### a. Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)

6

(insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[4] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

---

[4] To do otherwise -- i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

      b.     Frivolous Legal Theories

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

**B.    Sovereign Immunity and the FTCA.**

Federal courts are courts of limited jurisdiction and they must dismiss any action that lacks subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). "Under settled principles of sovereign immunity, 'the United States, as a sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, sovereign immunity is jurisdictional and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

In *James v. Jacksonville Bulk Mail Center*, Case No. 3:06-cv-1120-J-34JRK, 2009 WL 2901197 at *4 (M.D. Fla. Sept. 4, 2009), the Court provided a comprehensive review of sovereign immunity as it applies to the Defendant in this case:

> The starting point for determining whether sovereign immunity has been waived with respect to [p]laintiff's claim against the Postal Service is the Postal Reorganization Act, 39 U.S.C. §§ 401-416. The Postal Reorganization Act ("PRA") does waive the sovereign immunity of the Postal Service, *see* 39 U.S.C. § 401, but it limits this waiver of sovereign immunity with respect to tort actions. *See* 39 U.S.C. § 409(c); *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir.1986). Section 409(c) of the PRA states that "[t]he provisions of [the Federal Tort Claims Act] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c); *see also*;

8

> *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). Therefore, the Court must first decide whether [p]laintiff's [complaint] states a tort claim. If the Court finds that it does, the Court must turn its analysis to the Federal Tort Claims Act ("FTCA") to determine whether the tort action is cognizable under the FTCA, or whether it is barred by an exception to the waiver of sovereign immunity.

*Id*. Thus, whether sovereign immunity has been waived in the case requires the Court to consider whether this tort claim is cognizable under the FTCA, 28 U.S.C. § 1346(b).

Title 28, United States Code, Section 2680, provides exceptions to the United States specific waiver of sovereign immunity under the FTCA. *Id*. Section 2680(b), explicitly states that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter[s]." *Id*. This exception is designed to "preserve immunity for 'injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" *Levasseur v. U.S. Postal Serv*., 543 F.3d 23, 24 (1st Cir. 2008) (quoting *Dolan*, 546 U.S. at 489)). "Courts have held 'loss' means destroyed, misplaced, or 'los[t] from the postal system.'" *James*, Case No. 3:06-cv-1120-J-34JRK, 2009 WL 2901197 at *5 (M.D. Fla. Sept. 4, 2009) (quoting *Dolan*, 546 U.S. at 487).

### III. APPLICATION

In this case, although Plaintiff has not alleged a specific basis for the Court's jurisdiction, Plaintiff's only claim is that the Defendant negligently lost a package of documents mailed to the Netherlands. Doc. No. 1. Plaintiff requests compensatory damages in the amount of the value of the lost documents. Doc. No. 1. Thus, Plaintiff's claim directly arises "out of the loss, miscarriage, or negligent transmission" of his mail. *See* Doc. No. 1; 28 U.S.C. § 2680(b). The United States has not

waived its sovereign immunity as to such claims. *See Dolan*, 546 U.S. at 489. Accordingly, the Court lacks subject matter jurisdiction over the Plaintiff's claim. *See Meyer*, 510 U.S. at 475. Accordingly, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the Complaint (Doc. No. 1) for lack of subject matter jurisdiction. See 28 U.S.C. § 1915(e)(2)(B)(iii); and

3. Direct the Clerk to close the case.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on August 9, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
**Unrepresented Parties by Certified Mail**